IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TIMOTHY AYERS                                                                                          PLAINTIFF

vs.                                           Civil No. 6:13-cv-06145

CAROLYN COLVIN                                                                                     DEFENDANT
Commissioner, Social Security Administration

# MEMORANDUM OPINION

Timothy Ayers ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 8.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

## 1. Background:

Plaintiff's applications for DIB and SSI were filed on April 4, 2012.  (Tr. 11, 114-123). Plaintiff alleged he was disabled due to a back problems, problems with right arm, and completely blind in right eye.  (Tr. 132).  Plaintiff alleged an onset date of April 4, 2012.  (Tr. 11).  These applications were denied initially and again upon reconsideration.  (Tr. 51-61, 67-71).  Thereafter,

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___"  The transcript pages for this case are referenced by the designation "Tr."

Plaintiff requested an administrative hearing on his applications and this hearing request was granted. (Tr. 72).

Plaintiff's administrative hearing was held on December 19, 2012. (Tr. 23-50). Plaintiff was present and was represented by counsel, Charles Padgham, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Michael Gartman testified at this hearing. *Id.* At the time of this hearing, Plaintiff was fifty-four (54) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d), and had a ninth grade education. (Tr. 28-30).

On January 7, 2013, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 11-19). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through September 30, 2014. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 4, 2012, his alleged onset date. (Tr. 19, Finding 2).

The ALJ also determined Plaintiff had the severe impairments of osteoarthritis and right shoulder pain caused by possible rotator cuff injury. (Tr. 13, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 15-17). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform light work, except cannot perform overhead reaching with his right upper extremity. (Tr. 15, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 17, Finding 6). The ALJ

found Plaintiff was unable to perform his PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 17-18, Finding 10). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a bakery worker with approximately 3,900 such jobs in Arkansas and 200,000 such jobs in the nation, counter clerk with approximately 900 such jobs in Arkansas and 100,000 such jobs in the nation, and as a packing line worker with approximately 2,900 such jobs in Arkansas and 300,000 such jobs in the nation. *Id*. Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from April 4, 2012 through the date of the decision. (Tr. 18, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 7). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On December 19, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on January 7, 2014. ECF No. 8. Both Parties have filed appeal briefs. ECF Nos. 10, 11. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal claiming the ALJ erred: (A) in the RFC determination, and (B) in failing to properly consider Plaintiff's complaints of pain. ECF No. 10, Pgs. 2-7. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 11.

#### A. RFC

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir.

5

2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to perform light work, except cannot perform overhead reaching with his right upper extremity. (Tr. 15, Finding 5). Plaintiff argues the ALJ erred in this RFC determination. ECF No. 10, Pgs. 2-5. However, substantial evidence supports the ALJ's RFC determination.

On March 27, 2012, Plaintiff was seen by Dr. Jason Lofton. (Tr. 190-192). Dr. Lofton indicated Plaintiff complained of being unable to lift his right arm above his chest, but it was not caused by trauma. (Tr. 190). Dr. Lofton stated Plaintiff exercised six-to-seven times a week and was in no acute distress. (Tr. 191). Dr. Lofton's physical exam showed Plaintiff's head, eyes, ears, and nose were normal; neck was normal, with normal range of motion; lungs were clear; and cardiac exam was normal. *Id.* Plaintiff's neurological exam was normal, showing normal gait and no resting tremor; legs and arms were normal, except for his right shoulder that had a limited range of motion. *Id.* Plaintiff was diagnosed with a potential rotator cuff tear and was prescribed Ibuprofen. (Tr. 192).

On May 7, 2012, Dr. Robert Redd prepared an RFC Assessment. (Tr. 195-202). Dr. Redd indicated Plaintiff had the RFC to lift or carry 20 pounds occasionally and 10 pounds frequently; to stand, walk, or sit for about 6 hours in an 8-hour workday; and to push or pull without limitations, other than as shown for lifting and carrying. (Tr. 196). Dr. Redd also stated Plaintiff had manipulative limitations and could not do overhead reaching with his right arm. (Tr. 198).

On June 27, 2012, Plaintiff was seen by Dr. Danny Young complaining of back and shoulder pain, denying any injury to his right arm or shoulder. (Tr. 207). Dr. Young diagnosed Plaintiff with

right shoulder adhesive capsulitis, osteoarthritis, and right eye blindness. *Id.*

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination finding Plaintiff capable of performing light work except cannot reach overhead. Plaintiff has the burden of establishing his claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### B. ALJ's Credibility Determination

Plaintiff also claims the ALJ erred in his credibility determination. ECF No. 10. In response, Defendant argues the ALJ properly evaluated and discredited Plaintiff's subjective complaints pursuant to the directives of *Polaski*. ECF No. 11, Pages 4-6.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in assessing her credibility as it related to the limiting effects of her impairments and did not fully consider her subjective complaints.  The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints.  In his opinion, the ALJ addressed the factors from *Polaski* and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record.  (Tr. 15-17). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Plaintiff's described activities of daily living are not limited to any serious degree, (3) No physician has placed a level of limitation on Plaintiff's activities

comparable to those described by Plaintiff, (4) Plaintiff has not required regular treatment for any impairment, (5) Plaintiff stopped working because his job was terminated, and (6) Plaintiff only used over-the-counter medicines. *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff's complaints of pain.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **2nd day of February 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE